Samuel H. Hofstadter, . J.
The petitioner, a naturalized citizen of the United States, applies for an order commanding the Board of Elections in the City of New York and the *841 inspectors of election in the election district in which he desires to effect his permanent registration to permit him so to register without executing the form prescribed by the Board of Elections and called “ naturalization affidavit
The right to vote is the hallmark of American citizenship. It is a cherished heritage of a free people and the guarantee of its institutions of ordered freedom under law. Its exercise therefore may not be impeded by exactions which the wisdom of the statute does not require.
The applicable statutes neither command nor warrant the requirement which the Board of Elections now seeks to impose.
The “ naturalization affidavit ”, referred to, requires the applicant for registration to state that his naturalization papers were previously produced before an appropriate Board of Elections in the city of New York on a given date while he was residing at a stated address, and the date of the granting of the naturalization papers and the court granting them.
These are not mere details of administration but involve matters of substance. Unless demanded or authorized by the statute, they cannot stand.
The petitioner has heretofore voted in the city of New York and heretofore produced his naturalization papers. Section 170 of the Election Law prescribed the procedure by which a naturalized citizen desiring to register should satisfy the board of the fact of his naturalization. In the first instance, he is required to produce the naturalization papers upon which his citizenship depends. However, in 1952 the Legislature enacted an important amendment (L. 1952, ch. 169) which dispensed with the production of the naturalization papers if the person seeking registration had theretofore produced the papers before an appropriate board. The amendment reads:
“ A person who has heretofore produced before an appropriate board as provided in this section, the naturalization papers upon which his or her citizenship depends, or a certified copy thereof, shall state to the appropriate board the place where and the time when he or she produced same and the voting address in New York state used at such time, which statement shall be accepted in lieu of the production of such naturalization papers. This privilege, however, is only extended to a person who is applying to be registered in the same county outside the city of New York in which he or she was previously registered and produced such papers, and to a person who is applying to be registered in the city of New York if he or she was previously registered and produced such papers in one of the counties within such city.”
*842 The respondents seek to justify their requirement of the naturalization affidavit because of the institution of permanent registration. The statute providing for permanent registration seems, however, to have been drawn in the light of the quoted provision in section 170 and with the purpose to continue the provision dispensing with the production of naturalization papers in the case of one who had already done so in a previous year.
Section 360 of the Election Law prescribes the form of the record to be made for an applicant for permanent registration. Subdivision 3 (par. [j]) states: u (j) if the voter did not previously vote at a general election in this state * * * (8) * * * a direction to the board that if a foreign-born applicant for registration fails to exhibit naturalization papers he must execute an affidavit as required by section one hundred seventy; ” (italics supplied).
It is thus clear that consistently with the 1952 amendment to section 170, a person who has previously voted at a general election, as has the petitioner, may not be required either to exhibit his naturalization papers or to execute the affidavit otherwise required by section 170.
I have not overlooked the possibility of irregularity. But the public authorities are not helpless in such event. A false affirmation in connection with registration constitutes a punishable offense — this will discourage most from offending. And, in any event, the Board of Elections can, and, in the proper discharge of their duties in this important matter, should make a careful check from registrations in earlier years whether the requisite authentication of naturalization had been properly effected. I entertain no doubt that this will be done with redoubled effort under the system of permanent registration.
Where a false affirmation has been made, the registrant can be challenged on election day and otherwise dealt with according to law. If these sanctions should prove inadequate, any further requirement must be by legislative enactment.
It follows that the application must be granted. Settle order on October 3,1957 at 9:30 a.m.